# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | |
|---|---|
| JUANITA WALKER and TINA MCKNIGHT *on behalf of themselves and others similarly situated,* | CIVIL ACTION NO.  4:15-cv-183 (CDL) |
| Plaintiffs, | |
| v. | **JURY DEMAND** |
| RKJ AND SONS, LLC d/b/a SUBWAY and ROBERT JONES, | |
| Defendants. | |

## COMPLAINT

Named Plaintiffs Juanita Walker and Tina McKnight ("Named Plaintiffs"), by and through undersigned counsel, bring this action on behalf of themselves and others similarly situated against Defendants RKJ and Sons, LLC, doing business as "Subway," ("RKJ") and Robert Jones ("Jones"), and state and allege as follows:

### NATURE OF THE ACTION

1.     This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), alleging that Defendants failed to pay Named Plaintiffs and others similarly situated for all hours worked in excess of 40 per week at the required overtime premium rate.

## JURISDICTION AND VENUE

2.      This Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.4 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Columbus Division of the Middle District of Georgia.

## PARTIES

4.      Defendant RKJ is a Georgia limited liability company with its principle place of business located at 6131 Gateway Road, Columbus, Georgia, 31909.

5.      RKJ may be served with process by delivering a copy of the complaint and summons to its registered agent, Robert B. Jones, located at 6131 Gateway Road, Columbus, Georgia 31909.

6.      Defendant Jones is an owner and manager of RKJ.

7.      Defendant Jones may be served wherever he may be found.

8.      Named Plaintiffs and others similarly situated worked for Defendants as managers within the three years preceding the filing of this action.

9.      Named Plaintiffs have consented in writing to join this action pursuant to 29 U.S.C. § 216(b). (*See* Exhibit 1.)

10.     Other similarly situated individuals are interested in joining this lawsuit.

11.     For example, opt-in Plaintiff Jonneika Mayo ("Opt-In Plaintiff Mayo") filed a consent form to join this lawsuit. (*See* Exhibit 2.)

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

12.     During the three years preceding the filing of this lawsuit, Defendants employed Plaintiffs who engaged in interstate commerce or the production of goods for interstate commerce.

13.     Defendants qualify as "employers" within the meaning of the FLSA 29 U.S.C. § 203(d).

14.     Plaintiffs are "employees" within the meaning of the FLSA 29 U.S.C. § 203(e).

15.     Defendants own and operate approximately 40 Subway sandwich stores located in Georgia and Alabama.

16.     The Subway sandwich stores owned and operated by Defendants are an enterprise operated for the common business purpose of selling food to customers.

17.     For example, Defendants operate a Subway sandwich store in Phoenix City, Alabama, located at 2C West Ridge Drive, Phoenix City, Alabama 36870 ("West Ridge Store").

3

18.    Defendants employed Named Plaintiff Juanita Walker as a manager at the West Ridge Store.

19.    During her employment at the West Ridge Store, Named Plaintiff Juanita Walker worked on goods or materials that have been moved in or produced for commerce.

20.    For example, Named Plaintiff Juanita Walker used Defendants' computer systems, processed credit card transactions and sold sandwiches made from ingredients that traveled through interstate commerce.

21.    Defendants also operate a Subway sandwich store in Columbus, Georgia, located at 1591 Bradley Park Drive, Columbus, Georgia 31904 ("Bradley Park Store").

22.    Defendants employed Opt-In Plaintiff Mayo as a manager at the Bradley Park Store.

23.    During her employment at the Bradley Park Store Opt-In Plaintiff Mayo worked on goods or materials that have been moved in or produced for commerce.

24.    For example, Opt-In Plaintiff Mayo used Defendants' computer system, processed credit card transactions and sold sandwiches made from ingredients that traveled through interstate commerce.

4

25.     Defendants' Subway sandwich store enterprise is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

26.     During the past three years, Defendants' gross annual volume of sales or business done has been at least $500,000.

27.     During the past three years, Defendants have had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

28.     For example, during the past three years, Defendants have employed individuals who regularly use computers, credit-card readers, tools and other devices manufactured outside the state of Georgia in performing their job duties.

29.     Defendant RKJ qualifies as an "employer" within the meaning of the FLSA 29 U.S.C. § 203(d).

30.     During the past three years, Defendant Jones has exercised operational control over Defendants' Subway sandwich shops located in Columbus, Georgia; Albany, Georgia; and Phoenix City, Alabama, including the Bradley Park Store and the West Ridge Store.

31.     For example, Defendant Jones determined the compensation practices applicable Defendants' employees, including Plaintiffs.

32.     Defendant Jones had the authority to make changes to the compensation practices applicable to Plaintiffs.

33.     Defendant Jones had the authority to hire and fire employees of Defendants' Subway sandwich stores, including Plaintiffs.

34.     Defendant Jones determined the employment policies applicable to Plaintiffs.

35.     Defendant Jones maintained the employment records of the employees working at Defendants' Subway sandwich stores.

36.     Defendant Jones was responsible for compliance with the FLSA at Defendants' Subway sandwich stores.

37.     Defendant Jones qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

38.     Defendants are joint employers within the meaning of the FLSA.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS**

39.     Named and Opt-in Plaintiffs are individuals who are, or have been, employed by Defendants as managers of one or more of Defendants' Subway sandwich shops located in Georgia and/or Alabama, within the last three years ("Managers").

40.     Managers typically work in excess of 40 hours per week.

6

41.     Managers are classified by Defendants as exempt employees under the FLSA.

42.     Managers are not paid wages at 1.5 times their regular rate for all hours worked in excess of 40 per workweek.

43.     Defendants fail to pay Managers on a "salary basis" as that term is defined under the FLSA and its implementing regulations.

44.     Defendants subject Managers to policies and practices that result in Managers not receiving a predetermined amount of compensation each pay period on a weekly, or less frequent, basis.

45.     For example, if a Manager fails to work a predetermined number of hours in a workweek, that Manager is not paid his or her salary, but instead is paid on an hourly basis for certain hours worked during that week.

46.     By way of further example, Managers are provided with a certain amount of paid time off (PTO) each year.

47.     Once PTO is exhausted, any time taken off by a Manager is without pay.

48.     A copy of the employment policy applicable to all Managers is attached to this Complaint as Exhibit 3.

49.    Defendants' policy provides that, if a Manager has exhausted all of his or her PTO, he or she "must have a note from the doctor to be absent from work. If this should happen [the Manager] will not be paid and time will be deducted from [the Manager's] paycheck in half day increments."(Exhibit 3 at 56.)

50.    Because Managers are not paid on a salary basis, Managers are not properly classified as employees exempt from the FLSA's minimum wage and overtime requirements.

51.    Managers are, therefore, entitled to be paid at 1.5 times their regular hourly rate of pay for all hours worked in excess 40 per workweek.

52.    Defendants require Managers to log in to a timekeeping system at the beginning of each scheduled shift and to log out at the end of each scheduled shift.

53.    However, Defendants fail to maintain accurate records of the hours worked by Managers, including Plaintiffs.

54.    For example, Defendants require that Managers remove certain hours from their time records prior to submitting their time records to Defendants for payroll purposes.

55.    Managers are not paid for all the hours that Managers record and work.

56.    Defendants' failure to record all hours worked by Managers is a violation of the recordkeeping provision of the FLSA.

**COUNT ONE: WILLFUL FAILURE TO COMPENSATE PLAINTIFFS AT THE REQUIRED OVERTIME PREMIUM RATE**

57.     Defendants improperly classify Managers, including Named and Opt-in Plaintiffs, as exempt employees.

58.     Defendants fail to pay Managers 1.5 times their regular rate of pay for all hours worked over 40 in a workweek.

59.     Because Defendants failed to pay Managers a salary, Managers are not exempt employees under the FLSA.

60.     Because Managers are not exempt employees under the FLSA, they were and are entitled to compensation at 1.5 times their regular hourly rate for all hours worked over 40 in a workweek.

61.     Managers routinely work in excess of 40 hours per workweek.

62.     Because Defendants failed to pay Managers for all hours worked in excess of 40 per week at 1.5 times their regular hourly rate, Defendants violated the FLSA.

63.     Defendants knew or should have known that Managers were not properly classified as exempt employees.

64.     Defendants' violations of the FLSA were willful and the result of Defendants' reckless disregard of their obligations under the FLSA.

65.    Defendants are liable to Plaintiffs for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

## DEMAND FOR JUDGMENT

Plaintiffs request judgment against Defendants, and ask for relief as follows:

a.  That this Court enter declaratory judgement against Defendants that they violated the FLSA;

b.  That this Court enter judgement against Defendants that their violations were willful;

c.  That Plaintiffs receive judgment against Defendants for all unpaid wages;

d.  That Plaintiffs receive judgment for liquidated damages in an amount equal to the amount of all unpaid wages;

e.  That Plaintiffs receive an award of reasonable costs and attorney's fees; and

f.  That Plaintiffs receive such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated:      November 10, 2015.

                                             s/John L. Mays
                                             _____
MAYS & KERR LLC                              John L. Mays
235 Peachtree Street NE                      Georgia Bar No. 986574
North Tower | Suite 202
Atlanta, Georgia 30303
Telephone:  (404) 410-7998
Facsimile:   (404) 855-4066
john@maysandkerr.com                         Counsel for Plaintiffs